IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



BRADLEY HAROLD ANDREWS, §
 §
Petitioner, §
 §
v. § No. 4:12-CV-937-A
 §
DEE ANDERSON, Sheriff §
Tarrant County, Texas, §
 §
Respondent. §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Bradley Harold Andrews, a state prisoner currently confined in the Tarrant County jail in Fort Worth, Texas, against Dee Anderson, Sheriff of Tarrant County, Texas, respondent.[1] After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

### I. Factual and Procedural History

On January 11, 2012, a jury found petitioner guilty of two

---

[1]Petitioner has three additional petitions pending in this court, challenging another criminal conviction and two disciplinary proceedings. See Andrews v. Anderson, Civil Actions Nos. 4:12-CV-861-A, 4:12-CV-935-Y & 4:12-CV-936-Y.

instances of assault-family violence in the County Criminal Court No. 1 of Denton County, Texas. (Resp't MTD, Attach. "Judgment of Conviction and Sentence Cause Number 2010-6240-A & 2010-6241-A") Thereafter, petitioner waived his right to appeal in exchange for an agreement with the state on punishment, and, in accordance with the agreement, the trial court assessed petitioner's sentence at 360 days' confinement in the county jail in each case and certified that petitioner waived his right to appeal. (*Id.*, Attach. "Andrews v. State, 2012 WL 1868736 (Tex. App.–Fort Worth 2012") Petitioner, nevertheless, appealed his convictions, but the Second Court of Appeals of Texas dismissed the appeals based on the trial court's certifications. (*Id.*) There is no indication in the record suggesting that petitioner filed a petition(s) for discretionary review following the dismissals or sought postconviction state habeas relief. Nor does the Texas Court of Criminal Appeals' website reflect petitioner has done so. *See Andrews v. State*, PDR No. 1706-12, *Texas Courts Online - Court of Criminal Appeals*, available at http://www.cca.courts.state.tx.us.

In this federal petition, petitioner fails to set forth specific grounds for relief and, instead, directs the court to two letters dated April 10, 2012, and July 17, 2012, one

purportedly written by petitioner to the Second Court of Appeals concerning the dismissals and one to his trial counsel. (Pet. at 6-7 & Attachs.) Respondent has filed a motion to dismiss the petition because petitioner has not yet exhausted his state remedies as to the claims presented. (Resp't MTD at 1-4) 28 U.S.C. § 2254(b)-(c). The state construes petitioner's claims, as gleaned from the letters, as follows:

> The petitioner alleges that the trial court failed to consider his speedy trial motion or his dismissal motion. The applicant further alleges that he was mentally and emotionally unfit to go to trial due to being assaulted by an officer at the Denton County Jail.

(Resp't MTD at 2) (citations to the record omitted)

## II. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1), (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Section 2254(b) and (c) provide in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of the State; or
>     (B)(i) there is an absence of available

>     State corrective process; or
>         (ii) circumstances exist that render
>     such process ineffective to protect the
>     rights of the applicant.
>     . . .
>     (c) An applicant shall not be deemed to have
>     exhausted the remedies available in the courts of the
>     State, within the meaning of this section, if he has
>     the right under the law of the State to raise, by any
>     available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or, as in this instance, a state habeas corpus proceeding under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals*

*for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

Admittedly, petitioner has not pursued his state court remedies by raising his claims in a state habeas application( under article 11.07. (Pet. at 3) Consequently, the state's highest court has not been afforded a fair opportunity to consider the merits of petitioner's claims, and the claims are unexhausted for purposes of federal habeas review. Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus. *See* 28 U.S.C. §2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972).

Presumably, petitioner maintains the right to pursue state corrective process *via* a state habeas application raising the claims. Only after his state remedies are concluded may he attack his convictions or sentences in this court by way of a federal petition under § 2254. Dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully accomplished.

For the reasons discussed herein,

The court ORDERS that respondent's motion to dismiss be, and is hereby, granted and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice for failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b)(1)

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that he has exhausted his state court remedies, or circumstances rendering the state remedies ineffective, or made a substantial showing of the denial of a constitutional right.

SIGNED February 13, 2013.

_____
JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE